RECEIVED

DEC 19 2019

VD/EH/2019R00647

AT 4:30 _____ M
WILLIAM T WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. (KSH) |
| | : | |
| | : | Criminal Number: 19-935 |
| v. | : | |
| | : | 18 U.S.C. § 1343 |
| DAVID BUCKINGHAM | : | 18 U.S.C. § 2 |
| | : | |

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark,
charges:

**FILED**

**DEC 19 2019**

AT 8:30 4:65 PM
WILLIAM T. WALSH
CLERK

## COUNTS ONE THROUGH FIVE
(Wire Fraud)

### Individuals and Entities

1.      At all times relevant to this Indictment:

a.      Defendant David Buckingham ("BUCKINGHAM") was a
resident of Chatham, New Jersey. He was an Associate Director and in charge of
the New York office of a global maritime service group (the "Victim Company").

b.      The Victim Company was headquartered in London, England
and offered, among other services, the handling of subrogation claims related to
marine transportation of goods for insurance companies. As Associate Director
and head of the Victim Company's New York office, BUCKINGHAM was a
signatory on the Victim Company's United States bank accounts and had
authority to issue checks on behalf of the Victim Company for legitimate

business purposes. BUCKINGHAM was also responsible for paying the Victim Company's payroll taxes.

        c.     The Victim Company had two bank accounts in the United States: (1) an operating account (the "Operating Account") and (2) a client funds trust account (the "Client Trust Account"). The Operating Account was used to pay monthly bills, payroll, and fees. The Client Trust Account held client money collected. The only transactions allowed in the Client Trust Account were: (1) incoming payments collected on behalf of the Victim Company's clients; (2) outgoing payments to the clients of the money recovered by the Victim Company; and (3) outgoing payments to the Operating Account of the Victim Company's fees for recovering the clients' money.

## The Scheme to Defraud

        2.     Beginning at least as early as in or around January 2016 through in or around October 2018, in Union County, in the District of New Jersey and elsewhere, the defendant,

DAVID BUCKINGHAM,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the Victim Company, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth below.

2

### Goal of the Scheme to Defraud

3.      The goal of the scheme was for BUCKINGHAM to enrich himself unlawfully by making unauthorized payments from the Victim Company to himself in order to obtain funds to which he was not entitled, including by (a) writing unauthorized checks to himself and "cash" from the Operating Account while misrepresenting the payments as the Victim Company's tax payments or other legitimate business expenses, and (b) writing unauthorized checks to himself and "cash" from the Client Trust Account.

### Manner and Means of the Scheme to Defraud

4.      It was part of the scheme to defraud that:

a.      BUCKINGHAM wrote checks from the Operating Account to himself or to "cash" and obtained funds to which he was not entitled. In some instances BUCKINGHAM falsified the Victim Company's books and records in an effort to make the payments appear legitimate by claiming that certain of these checks were to make tax payments on behalf of the Victim Company or to pay other legitimate business expenses, including but not limited to in the following examples:

i.      On or about September 23, 2016, BUCKINGHAM deposited a check for approximately $3,524.75 from the Operating Account into BUCKINGHAM's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission. BUCKINGHAM misrepresented the purpose of this payment on the Victim Company's books and records as

3

"PAYROLL TAX."

    ii.  On or about October 1, 2016, BUCKINGHAM deposited a check for approximately $1,978.00 from the Operating Account into BUCKINGHAM's personal account at an ATM in Chatham, NJ, resulting in an interstate wire transmission. BUCKINGHAM misrepresented the purpose of this payment on the Victim Company's books and records as "PAYROLL TAX."

    iii.  On or about December 6, 2016, BUCKINGHAM deposited a check for approximately $4,000.00 from the Operating Account into BUCKINGHAM's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission. BUCKINGHAM misrepresented the purpose of this payment on the Victim Company's books and records as "TAX PENALTY."

    b.  During the relevant time period, BUCKINGHAM did not make payroll tax payments on behalf of the Victim Company.

    c.  In other instances, BUCKINGHAM wrote checks from the Client Trust Account to himself or to "cash" and obtained funds he was not entitled to, including but not limited to in the following examples:

    i.  On or about March 6, 2017, BUCKINGHAM deposited a check for approximately $4,250 from the Client Trust Account into Buckingham's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission.

    ii.  On or about May 9, 2017, BUCKINGHAM deposited a

check for approximately $4,250 from the Client Trust Account into Buckingham's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission.

    d. BUCKINGHAM used the proceeds of the scheme for his own personal expenses.

    e. BUCKINGHAM's conduct resulted in hundreds of thousands of dollars in losses to the Victim Company.

   5. On or about the dates set forth below, for the purpose of executing and attempting to execute the scheme and artifice to defraud, in Union County, in the District of New Jersey and elsewhere, the defendant,

**DAVID BUCKINGHAM,**

did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, as set forth more fully below, each such wire transmission constituting a separate count of this Indictment:

5

| Count | Approximate Date | Description |
|---|---|---|
| 1 | September 23, 2016 | BUCKINGHAM deposited a check for approximately $3,524.75 from the Operating Account into BUCKINGHAM's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission. |
| 2 | October 1, 2016 | BUCKINGHAM deposited a check for approximately $1,978.00 from the Operating Account into BUCKINGHAM's personal account at an ATM in Chatham, NJ, resulting in an interstate wire transmission. |
| 3 | December 6, 2016 | BUCKINGHAM deposited a check for approximately $4,000.00 from the Operating Account into BUCKINGHAM's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission. |
| 4 | March 6, 2017 | BUCKINGHAM deposited a check for approximately $4,250 from the Client Trust Account into BUCKINGHAM's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission. |
| 5 | May 9, 2017 | BUCKINGHAM deposited a check for approximately $4,250 from the Client Trust Account into BUCKINGHAM's personal account at an ATM in Berkeley Heights, NJ, resulting in an interstate wire transmission. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATION

1.      As the result of committing the offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in Counts One through Five of this Indictment, defendant DAVID BUCKINGHAM shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud offenses, and all property traceable thereto.

Substitute Assets Provision

2.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third person;

        (c)      has been placed beyond the jurisdiction of the Court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A True Bill,

Foreperson

CRAIG CARPENITO
United States Attorney

8

CASE NUMBER: 19 - 935 (KSH)

**United States District Court**
**District of New Jersey**

**UNITED STATES OF AMERICA**

v.

**DAVID BUCKINGHAM**

**INDICTMENT FOR**
18 U.S.C. § 1343
18 U.S.C. § 2

**A True Bill**

**CRAIG CARPENITO**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

VIJAY DEWAN
COURTNEY A. HOWARD
*ASSISTANT U.S. ATTORNEYS*
*(973) 297-4387*