

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

| | |
|---|---|
| *970 Broad Street, Suite 700*<br>*Newark, New Jersey  07102* | *(973) 645-2700* |

JF/PL AGR
2019R00647

February 8, 2022

Emily Sherman, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

    Re: <u>Plea Agreement with DAVID BUCKINGHAM</u>

Dear Ms. Sherman:

  This letter sets forth the plea agreement between your client, DAVID BUCKINGHAM, and the United States Attorney for the District of New Jersey ("this Office").  The Government's offer to enter into this plea agreement will expire on February 15, 2022, if it is not accepted in writing by that date.

<u>Charges</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from DAVID BUCKINGHAM to a two-count Superseding Information that charges him with: (1) wire fraud, in violation of 18 U.S.C. § 1343; and (2) willfully failing to collect and pay employment taxes, in violation of 26 U.S.C. § 7202 (the "Superseding Information").  In addition, DAVID BUCKINGHAM agrees to waive any and all challenges based on venue.  If DAVID BUCKINGHAM enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against DAVID BUCKINGHAM for from in or around January 2016 through in or around October 2018, engaging in a scheme to defraud a global maritime services firm where he was employed (the "Victim Company"); and from on or about March 31, 2016 to on or about June 30, 2018, willfully failing to pay over payroll taxes to the Internal Revenue Service ("IRS") on behalf of the Victim Company.

  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, DAVID BUCKINGHAM agrees that any dismissed charges and any other charges that are not time-barred by the

applicable statute of limitations on the date this agreement is signed by DAVID BUCKINGHAM may be commenced against him, notwithstanding the expiration of the limitations period after DAVID BUCKINGHAM signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1343 to which DAVID BUCKINGHAM agrees to plead guilty carries a statutory maximum penalty of 20 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 26 U.S.C. § 7202 to which DAVID BUCKINGHAM agrees to plead guilty carries a statutory maximum penalty of 5 years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence to be imposed upon DAVID BUCKINGHAM is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence DAVID BUCKINGHAM ultimately will receive.

Further, in addition to imposing any other penalty on DAVID BUCKINGHAM, the sentencing judge: (1) will order DAVID BUCKINGHAM to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order DAVID BUCKINGHAM to pay restitution pursuant to 18 U.S.C. §§ 3663A and 3663(a)(l)(A); (3) may order DAVID BUCKINGHAM, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) solely with respect to the wire fraud count; and (5) pursuant to 18 U.S.C. § 3583, may require DAVID BUCKINGHAM to serve a term of supervised release of not more than 3 years for the wire fraud count and not more than three years for the tax count, which will begin at the expiration of any term of imprisonment

imposed. Should DAVID BUCKINGHAM be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, DAVID BUCKINGHAM may be sentenced to not more than 2 years imprisonment for the wire fraud count and not more than 2 years imprisonment on the tax count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on DAVID BUCKINGHAM by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of DAVID BUCKINGHAM's activities and relevant conduct with respect to this case.

Stipulations

This Office and DAVID BUCKINGHAM agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or DAVID BUCKINGHAM from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to

questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and DAVID BUCKINGHAM waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), DAVID BUCKINGHAM agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to the wire fraud offense charged in the Superseding Information. DAVID BUCKINGHAM further agrees that the aggregate value of such property was $356,725.74; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Forfeiture Amount"), in an amount not to exceed $356,725.74, (the "Money Judgment"). DAVID BUCKINGHAM consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. DAVID BUCKINGHAM further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

DAVID BUCKINGHAM waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and

incorporation of the forfeiture in the judgment. DAVID BUCKINGHAM understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. DAVID BUCKINGHAM waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of DAVID BUCKINGHAM's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

DAVID BUCKINGHAM further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If DAVID BUCKINGHAM fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that DAVID BUCKINGHAM has intentionally failed to disclose assets on his Financial Disclosure Statement, DAVID BUCKINGHAM agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Restitution

Pursuant to 18 U.S.C. §§ 3663A(c)(1)(A)(ii) and 3663(a)(3), this Office and DAVID BUCKINGHAM agree that DAVID BUCKINGHAM shall pay restitution to the Victim Company in the amount of $356,725.74.

Immigration Consequences

DAVID BUCKINGHAM understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. DAVID BUCKINGHAM understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. DAVID BUCKINGHAM wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. DAVID BUCKINGHAM understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, DAVID BUCKINGHAM

waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against DAVID BUCKINGHAM.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against DAVID BUCKINGHAM.

No provision of this agreement shall preclude DAVID BUCKINGHAM from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that DAVID BUCKINGHAM received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between DAVID BUCKINGHAM and this Office and supersedes any previous agreements between them.

No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                Very truly yours,

                PHILIP R. SELLINGER
                United States Attorney

                By:  JONATHAN FAYER
                Assistant United States Attorney

APPROVED:

/s/ Catherine R. Murphy
_____
CATHERINE R. MURPHY
Chief, Economic Crimes Unit

I have received this letter from my attorney, Emily Sherman, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*David Buckingham*             Date: 2/14/2022
_____
DAVID BUCKINGHAM


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*            Date: 02/14/2022
_____
EMILY SHERMAN, ESQ.

Plea Agreement with DAVID BUCKINGHAM

Schedule A

1. This Office and DAVID BUCKINGHAM recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and DAVID BUCKINGHAM nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021, applies in this case.

Count 1 – Wire Fraud

3. The applicable guideline for Count One of the Superseding Information (the "Wire Fraud Offense") is U.S.S.G. § 2B1.1, which specifies a base offense level of 7.

4. Pursuant to U.S.S.G. § 2B1.1(G), the loss involved in the Wire Fraud Offense was $356,725.74, which results in an increase of 12 levels.

5. U.S.S.G. § 3B1.3 applies because DAVID BUCKINGHAM abused a position of private trust in a manner that significantly facilitated the commission or concealment of the Wire Fraud Offense.  This results in an increase of 2 levels.

6. No other specific offense characteristics apply for the Wire Fraud Offense.

7. The adjusted offense level for the Wire Fraud Offense is 21.

Count Two – Willful Failure to Pay Over Tax

8. The applicable guidelines for Count Two of the Superseding Information (the "Tax Offense") is U.S.S.G. § 2T1.6.

9. The total tax loss associated with the Tax Offense is $277,051.25, which results in a base offense level for the Tax Offense of 18.

10. No other specific offense characteristics apply for the Tax Offense.

11. The adjusted offense level for the Tax Offense is 18.

Grouping

12. Count One and Count Two group together because they involve the same victim and two or more acts or transactions connected by a common criminal objective. *See* U.S.S.G. § 3D1.2(b).

13. The combined offense level is 21. *See* U.S.S.G. § 3D1.3(a).

14. As of the date of this letter, DAVID BUCKINGHAM has demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if DAVID BUCKINGHAM's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

15. As of the date of this letter, it is expected that DAVID BUCKINGHAM will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in DAVID BUCKINGHAM's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) DAVID BUCKINGHAM enters a plea pursuant to this agreement, (b) this Office in its discretion determines that DAVID BUCKINGHAM's acceptance of responsibility has continued through the date of sentencing and DAVID BUCKINGHAM therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) DAVID BUCKINGHAM's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to DAVID BUCKINGHAM will be 18 (the "agreed total Guidelines offense level").

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties further agree that DAVID BUCKINGHAM reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), and that this Office reserves the right to oppose such a request.

18. DAVID BUCKINGHAM knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including, but not limited to, any appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense

level of 18.  This Office will not file any appeal, motions or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 18.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

      19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motions not barred by the preceding paragraph.